Koleen INGALLS, Appellant (Plaintiff),

v.

TRIPLE L., INC., a Wyoming corporation, Appellee (Defendant).

No. 99–136.

Supreme Court of Wyoming.

Dec. 1, 1999.

Representing Appellant: John R. Hursh of Central Wyoming Law Associates, P.C., Riverton, Wyoming.

Representing Appellee: Judith A. Studer of Schwartz, Bon, Walker & Studer, LLC, Casper, Wyoming.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and HILL, JJ.

MACY, Justice.

Appellant Koleen Ingalls appeals from the judgment entered by the trial court following a jury verdict which did not award her damages on her negligence claim against Appellee Triple L., Inc.

We affirm.

## ISSUES

Ingalls presents two issues in her appeal:

### ISSUE I

Was there an error by the jury in awarding zero damages in a confessed liability case with admitted medical treatment and stipulated incurred medical expenses?

### ISSUE II

Was the verdict contrary to law where the overwhelming weight of the competent medical evidence on causation and damages favored the appellant and where there was no competent medical evidence to sustain a jury verdict of zero damages?

## FACTS

This case arises from an automobile accident that occurred on October 7, 1993. Ingalls was driving in Riverton with three of her children. While stopped at a traffic light, her vehicle was rear-ended by a semi-truck owned by Triple L. and driven by Lloyd Voice, an employee of Triple L. Ingalls told the investigating officer that she and her children were not injured. Several weeks later, however, she sought medical attention for symptoms she claimed were related to the accident.

Ingalls filed a complaint against Triple L., claiming that she had been injured by Voice's negligence. Triple L. admitted liability, and the case was tried to a jury in October 1998 on the question of the amount of damages. The jury returned a verdict, finding that Ingalls was "not entitled to recover any amount as damages," and the trial court entered a judgment to that effect. Ingalls filed a motion for a new trial, which the district court denied. Ingalls appeals to this Court.

## STANDARD OF REVIEW

■ Although Ingalls articulates two issues for our review, they are both essentially the same: Whether sufficient evidence existed for the jury to find that she did not suffer damages as a result of the accident. When an appellant challenges the basis for a jury's verdict, we apply the following standard of review:

> On review, this court assumes that the evidence in favor of the successful party is true. We leave out of consideration entirely the evidence presented by the unsuccessful party that conflicts with the evidence of the successful party, and we afford to the evidence of the successful party every favorable inference that may be reasonably and fairly drawn from it.

*Kadrmas v. Valley West Homeowner's Association,* 848 P.2d 826, 828 (Wyo.1993) (citation omitted); *see also Francis v. Pountney,* 972 P.2d 143, 145 (Wyo.1999).

## DISCUSSION

### A. Stipulated Damages

■ Ingalls contends that the jury erred in not awarding her damages because Triple L. admitted liability for the accident and did not object at trial to the admission of a list of her medical expenses. She claims that the medical expenses were stipulated to and that, at the very least, she should have been awarded the amount of her medical expenses. Triple L. responds that, although it stipulated that Ingalls incurred the expenses, it did not stipulate that the expenses were related to the accident, and it further argues that the jury's verdict simply reflects Ingalls' failure to meet her burden of proof. We

agree with Triple L. The stipulation did not relieve Ingalls of the burden of proving causation, nor did it preclude Triple L. from denying causation.

■ The elements of a negligence claim are: "(1) a duty; (2) a violation of that duty; (3) which violation is a proximate cause of; (4) injury to the claimant." *Francis,* 972 P.2d at 145. A plaintiff must prove all four elements to prevail on a claim. In an Order on Final Pretrial Conference, the trial court recognized that Triple L. admitted liability, which established the first two elements. The order also noted that Ingalls' list of medical expenses was admitted without objection, which proved the fourth element. However, neither the list nor the trial court's order established the third element: causation. The order, in fact, specified that Triple L. might argue the presence of preexisting conditions as the cause of Ingalls' symptoms.

Accepting, as we must, that the evidence in favor of Triple L. is true, we cannot say that the jury erred in refusing to award Ingalls her medical expenses. Although Ingalls undoubtedly incurred the expenses, the parties presented conflicting evidence regarding the causation of those expenses. In keeping with our standard of review, we must disregard much of Ingalls' evidence. We are left with Triple L.'s theory that Ingalls' symptoms were due to conditions predating the accident, and we conclude that the jury reasonably refused to award Ingalls her medical expenses.

### B. Sufficiency of the Evidence

■ Ingalls claims that the jury's verdict was contrary to the overwhelming weight of the evidence. The trial evidence, considered in the light most favorable to Triple L., supported the jury's verdict. The jury heard evidence that Ingalls had been treated before the accident for symptoms identical to the ones for which she sought compensation. They also heard Triple L.'s medical expert testify that those symptoms were caused by a preexisting degenerative disk disease and

an undiagnosed neurological condition. The jury could have reasonably concluded from that testimony that Ingalls failed to meet her burden of proving causation. The verdict was, therefore, supported by sufficient evidence.

Affirmed.